IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

        v.

DARRELL EUGENE WILLIAMS,

    Defendant.

No.   93-cr-40033-01-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant's Motion (Doc. 80) for Preservation of Rights which the Court construed as a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses.  Assistant Federal Public Defender Judith A. Kuenneke was appointed to review defendant's case for any potential reduction under the 2011 Amendment 750 and/or the 2014 Amendment 782, 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 drug reductions.  Ms. Kuenneke now moves to withdraw her representation stating that the defendant Darrell Eugene Williams is not eligible for a reduction of his sentence under either amendment.  The Government filed a response (Doc. 87) concurring that the defendant is not entitled to a reduction of his sentence under these amendments.

The defendant was found guilty by a jury trial of one count of conspiracy to distribute crack cocaine.  (Doc. 30).   On February 8, 1994, the defendant was sentenced to the custody of the Bureau of Prisons for life.  (Doc. 52).

Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts.  The relevant parts of Amendment 782 were retroactive and became retroactively effective on November 1, 2015.  *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits.  *United States v. Taylor*, No. 13-2978, 2015 WL 554452, *5 (7th Cir. Feb. 11, 2015).

The defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Defendant's sentence was reduced from life to 360 months incarceration based on the 2008 drug reduction amendment.  The 2011 and 2014 amendments lowered the sentencing range to 360 months to life imprisonment.  As the defendant's current sentence is 360 months, he cannot receive any benefit from the 2011 and/or the 2104 amendments.  Thus, his offense level and his guideline range has not been lowered by Amendment 782, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.  *See, United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

Therefore, the Court **DENIES** defendant's Motion (Doc. 80) for Preservation of Rights which the Court construed as a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses and **GRANTS** Assistant Federal Public Defender Judith A. Kuenneke's Motion

(Doc. 85) to Withdraw and "No Merits" Statement.   The Clerk of Court is **DIRECTED** to terminate Assistant Federal Public Defender Judith A. Kuenneke as counsel for defendant Darrell Eugene Williams.

    **IT IS SO ORDERED.**

    **DATED:**   9/22/2016

                                          *s/J. Phil Gilbert*
                                          **J. PHIL GILBERT**
                                          **U.S. DISTRICT JUDGE**