UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARRELL EUGENE WILLIAMS,<br><br>Defendant. | Case No. 93-cr-40033-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the defendant's motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 89). The Court construes this as a motion pursuant to 18 U.S.C. § 3582(c)(1)(B). Counsel, who has appeared for the defendant on a voluntary basis, has moved to withdraw on the basis that she can make no non-frivolous arguments in support of a request for reduction (Doc. 94). *See Anders v. California*, 386 U.S. 738, 744 (1967). The Government has responded that it has no objection to counsel's motion (Doc. 96). The defendant has not responded, although he was given an opportunity to do so.

A jury found the defendant guilty of one count of conspiracy to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a) and 846. Because the Government filed an information pursuant to 21 U.S.C. § 851 alleging a prior drug felony, the statutory sentencing range for this offense as charged was no more than 30 years in prison. *See* 21 U.S.C. § 841(b)(1)(C).

At sentencing, the Court adopted the presentence investigation report's relevant conduct finding of at least 1.5 kilograms of cocaine base. PSR ¶ 9. In light of this finding, and because

the defendant was sentenced before *Apprendi v. New Jersey*, 530 U.S. 466 (2000),[1] and *Alleyne v. United States*, 570 U.S. 99 (2013),[2] the Court found the defendant was subject to a statutory sentencing range of 20 years to life in prison. 21 U.S.C. §§ 841(b)(1)(A) & 851. PSR ¶ 65. Relevant conduct of at least 1.5 kilograms of cocaine base yielded a base offense level of 38 under U.S.S.G. § 2D1.1(c) (1992), which was adjusted upward by six points to 44, and readjusted down to 43, the maximum permitted by the guidelines. PSR ¶¶ 17-24.

The Court also found the defendant to be a career offender under U.S.S.G. § 4B1.1(b), but since the total offense level of 43 based on U.S.S.G. § 2D1.1 was greater than the total offense level based on U.S.S.G. § 4B1.1(b), the Court used the level 43. Considering the defendant's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1 and his criminal history points under the sentencing table in U.S.S.G. Chapter 5, Part A, this yielded a guideline sentencing range of life. The Court imposed a sentence of life in prison. Because a subsequent guideline amendment reduced the defendant's guideline sentencing range to 360 months to life, the Court reduced his sentence to 360 months. Later guideline amendments had no effect on the defendants guideline sentencing range.

The defendant now asks the Court to reduce his sentence in light of § 404 of the First

---

[1] *Apprendi* held that any sentencing factor other than criminal history that raises the statutory maximum sentence must be admitted by the defendant or found by a jury beyond a reasonable doubt. *Id.* at 490. Until *Apprendi*, a defendant's relevant conduct found by a court by a preponderance of the evidence could be used to increase the statutory maximum sentence to which the defendant was exposed. *See United States v. Knight*, 342 F.3d 697, 710 (7th Cir. 2003).

[2] *Alleyne* held that, for relevant conduct to raise the statutory minimum sentence, it must be admitted by the defendant or found by a jury beyond a reasonable doubt. *Id.* at 108; *United States v. Austin*, 806 F.3d 425, 433 (7th Cir. 2015). *Alleyne* overruled *Harris v. United States*, 536 U.S. 545 (2002), which held that factors increasing a statutory minimum could be found by the court by a preponderance of the evidence. *Alleyne*, 570 U.S. at 116.

Step Act.[3] Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—lowered the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses. *See* First Step Act, § 404(a). Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act. First Step Act, § 404(c). In sum, the Court now may, but

---

[3] Section 404 of the First Step Act provides in full:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

is not required to, reduce a defendant's sentence if application of a statutory range changed by the Fair Sentencing Act would have resulted in a sentence lower than the defendant's original sentence.

The Court turns to the specifics of the defendant's case. The defendant's conviction is not the type of conviction covered by § 404 of the First Step Act. While the defendant committed a federal offense before August 3, 2010, the Fair Sentencing Act did not modify the applicable statutory sentencing range. As noted above, at the time of the defendant's conviction, the statutory range for an offense involving 1.5 kilograms of cocaine base with a prior drug felony was 20 years to life in prison. 21 U.S.C. § 841(b)(1)(A)(iii) (1994). Section 2 of the Fair Sentencing Act did not lower that range; even under the Fair Sentencing Act, a crime involving 1.5 kilograms of crack still falls under 21 U.S.C. § 841(b)(1)(A)(iii) (2010), where the statutory sentencing range for a defendant with a prior drug felony is still 20 years to life. Thus, the defendant's conviction is not subject to reduction under the First Step Act.

Neither party has addressed the question whether the holdings of *Apprendi* and *Alleyne* should apply to alter the Court's finding of the defendant's statutory sentencing range at this time. The Court arrived at the 20 years to life range without considering how *Apprendi* or *Alleyne* would have affected the defendant's sentencing range had he been sentenced today. Applying *Apprendi* and *Alleyne*, the defendant's statutory sentencing range would be no more than 30 years in prison, the correct range today for a drug offense charging a cocaine base crime with no specified amount against someone with the defendant's criminal history. *See* 841 U.S.C. §§ 841(b)(1)(C) & 851. Considering that lowered range, the defendant would be eligible for a sentence reduction.

However, even if *Apprendi* and *Alleyne* applied to this reduction decision, the Court would decline to use its discretion to impose a reduced sentence based on the modified statutory sentencing range of the Fair Sentencing Act. The defendant's current sentence of 360 months is within the modified statutory sentencing range of no more than 30 years established by the Fair Sentencing Act after application of *Apprendi* and *Alleyne*. Further, the Court would find, for the reasons set forth at the defendant's sentencing hearing that his current sentence is appropriate.

For the foregoing reasons, the Court **DENIES** the defendant's *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B) based on the First Step Act's retroactive application of the Fair Sentencing Act (Doc. 89) and **GRANTS** defense counsel's motion to withdraw (Doc. 94).

**IT IS SO ORDERED.**
**DATED:   August 8, 2019**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**